CLD-082                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4838
_____

IN RE:  ERNEST WOODALL,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-11-cv-00607)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 15, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2015 )
_____

OPINION[*]
_____

PER CURIAM

    Ernest Woodall, a state prisoner proceeding pro se, seeks a writ of mandamus

directing the United States District Court for the Western District of Pennsylvania to

comply with our prior order that it "reach a decision on [his] habeas petition."  For the

reasons that follow, we will deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Woodall is currently serving four consecutive sentences of eight to 20 years of imprisonment after being convicted in the Allegheny County Court of Common Pleas of four counts of attempted homicide. Woodall unsuccessfully sought relief on direct appeal and through a Post-Conviction Relief Act petition. In May 2011, Woodall filed in the District Court a pro se habeas petition under 28 U.S.C. § 2254. Because the District Court had not adjudicated that petition as of September 2012, Woodall sought mandamus relief in this Court. We granted his mandamus petition by order dated June 10, 2013, "conclud[ing] that the District Court's delay in this case is tantamount to a failure to exercise jurisdiction." In re Woodall, C.A. No. 12-3752. Thereafter, a Magistrate Judge recommended that the § 2254 petition be dismissed because Woodall's claims lacked merit. Over Woodall's objections, the District Court approved and adopted the Magistrate Judge's recommendations and denied the § 2254 petition. Woodall appealed, and we denied his request for a certificate of appealability. Woodall v. Superintendent Dallas SCI, C.A. No. 13-4721 (order entered June 6, 2014). Woodall has now filed a mandamus petition, asking that we order the District Court to comply with our June 2013 mandamus order.

Woodall complains that the "District Court has failed to comply with" our order granting his previous mandamus petition. That order directed the District Court to reach a decision on Woodall's § 2254 petition. Because, in conformity with that order, the District Court denied the § 2254 petition in November 2013, Woodall's request is moot. Woodall also asserts that our instruction "has not been adhered to" because the District

Court's decision left "unresolved" an issue concerning waiver of his rights under the Interstate Agreement on Detainers. Mandamus relief is unavailable, however, because Woodall's allegation could be (and in fact was) raised on appeal from the denial of the § 2254 petition. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). We will therefore deny the mandamus petition.[1]

---

[1] Woodall's request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).