**ALD-345**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2788
_____

IN RE:  ERNEST WOODALL,
                                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-11-cv-00607)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2016

Before:    AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed:  July 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Ernest Woodall has filed a petition for a writ of mandamus asking us to vacate a

judgment of the District Court.  We will deny the petition.

     Woodall is a Pennsylvania prisoner serving an aggregate sentence of 32 to 80

years of imprisonment for four attempted murders.  He previously filed a federal habeas

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

petition addressed to his convictions, and the District Court denied it. Woodall claimed, among other things, that a delay in bringing him to trial violated his rights under the speedy trial provisions of the Interstate Agreement on Detainers ("IAD"). The District Court denied that claim on the merits after deferring to the ruling of the Pennsylvania Superior Court, which had rejected it on Woodall's direct appeal. Woodall appealed from the denial of his habeas petition, and we denied a certificate of appealability ("COA"). Woodall later filed a mandamus petition asking us to direct the District Court to address purportedly unresolved issues regarding his IAD claim. We denied that petition as well. See In re Woodall, 592 F. App'x 75, 76 (3d Cir. 2015).

At issue here is an amended motion that Woodall later filed under Rule 60(b) of the Federal Rules of Civil Procedure. Woodall raised a new legal theory in support of his IAD claim, but he did not rely on any new facts or new law. This time, Woodall argued that the District Court's judgment denying his IAD claim was void because it relied on findings and conclusions that the Pennsylvania Superior Court lacked jurisdiction to make. For relief, he requested that the District Court vacate its previous judgment and "remand" this matter to the Superior Court, presumably for another direct appeal.

The District Court denied Woodall's Rule 60(b) motion on alternative grounds, including that it constituted a second or successive habeas petition that this Court had not authorized it to consider. The District Court also denied a COA and advised Woodall of his right to seek review by this Court. Woodall, however, did not file a notice of appeal. Instead, he has filed with this Court a petition for a writ of mandamus and injunctive and declaratory relief. Woodall requests that we vacate the District Court's order denying his

2

Rule 60(b) motion and that we too "remand" this matter to the Superior Court for further consideration of his IAD claim.

We will deny the petition. Mandamus is an extraordinary remedy that we have the discretion to grant only when the petitioner has a "clear and indisputable" right to relief and no other adequate means to obtain it. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Mandamus is not a substitute for appeal. See id. In this case, Woodall seeks relief that he could have sought by filing a notice of appeal. If he had done so, then we would have considered whether to issue a COA and to allow his appeal to proceed. See Morris v. Horn, 187 F.3d 333, 340-41 (3d Cir. 1999). Woodall did not file a notice of appeal, however, and his time to do so now has expired.

We decline to construe Woodall's mandamus petition as itself a notice of appeal. Although it would be timely if so construed,[1] and although Woodall requests relief in the nature of appellate relief, he knows how to file a notice of appeal as he has done before. Woodall also is aware of the requirement that he obtain a COA to appeal. The District Court advised him both of that requirement and his ability to appeal to this Court, but Woodall elected not to appeal and seek a COA from us. Instead, he filed his mandamus

---

[1] The District Court denied Woodall's Rule 60(b) motion by order entered March 29, 2016. Woodall filed "objections" to that ruling dated April 19, 2016, and we construe his objections as a timely Rule 59(e) motion that tolled the time to appeal. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4). The District Court overruled those objections on May 6, 2016, and Woodall dated his mandamus petition less than 30 days later on June 1, 2016. See Fed. R. App. P. 4(a)(1)(A). We note his assertion that he did not receive a copy of the District Court's March 29 order until April 25. That alleged circumstance did not prevent Woodall from filing a timely notice of appeal, and he has not argued otherwise.

petition and expressly argued that this Court should exercise its "supervisory powers" to vacate the District Court's judgment.  (Mandamus Pet. at 3.)

Even if we were to construe Woodall's petition as a notice of appeal, however, we would further construe it as a request for a COA and deny it.  The District Court properly determined that Woodall's Rule 60(b) motion constitutes an unauthorized second or successive habeas petition because it advances a claim and seeks relief on the merits. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005).  Indeed, the only mechanism to "remand" this matter to the Superior Court for further proceedings on Woodall's IAD claim would be to issue a conditional writ of habeas corpus ordering his release from prison unless the Superior Court affords him a new direct appeal.  That is the relief that Woodall appears to seek.

Thus, Woodall was required to obtain our authorization to proceed with the claim advanced in his Rule 60(b) motion.  He did not obtain our authorization, so the District Court lacked jurisdiction to consider it on the merits.  See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).  Jurists of reason would not debate that conclusion.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2]

For these reasons, Woodall's mandamus petition will be denied

---

[2] The District Court could have transferred the motion to us to be treated as an application under 28 U.S.C. § 2244 to file a second or successive habeas petition, but there was no reason for it to do so because Woodall's motion did not rely on any new facts or new law potentially permitting him to proceed under § 2244(b)(2).

4